FILED
JAN 1 2 2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 23-CR-17 |
| | ) | Judge John F. Kness |
| v. | ) | Magistrate Judge Jeffrey Cummings |
| | ) | cat 2 |
| ANTOINE LARRY, | ) | Violations: Title 18, United States Code, Sections 371 and 1951 |
| also known as "Bell," and | ) | |
| JARRETT SNOWDEN | ) | |

## COUNT ONE

The SPECIAL JULY 2021 GRAND JURY charges:

1. At times material to this indictment:

   a. The Village of Phoenix Police Department was an agency of the Village of Phoenix ("Phoenix"), a local government located in the Northern District of Illinois. Phoenix received in excess of $10,000 in federal benefits during the one-year periods from May 1, 2020 to April 30, 2021; and May 1, 2021, to April 30, 2022.

   b. Defendant ANTOINE LARRY, also known as "Bell," was employed as a Phoenix police officer, where he held the position of Patrol Officer. As a Phoenix police officer, LARRY was an agent of Phoenix.

   c. Defendant JARRETT SNOWDEN was employed as a Phoenix police officer, where he held the position of Sergeant. As a Phoenix police officer, SNOWDEN was an agent of Phoenix.

2. Beginning no later than in or around 2020 and continuing until at least in or around April 2022, at Phoenix and at Harvey, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTOINE LARRY,
also known as "Bell," and
JARRETT SNOWDEN,

defendants herein, did knowingly conspire with each other and with others known and unknown to the Grand Jury, to:

    a.    embezzle and steal property that was valued at $5,000 or more, including United States currency and controlled substances, that was under the care, custody, and control of the Phoenix Police Department, in violation of Title 18, United States Code, Section 666(a)(1)(A); and

    b.    corruptly solicit and demand, and to accept and agree to accept from another person things of value, including United States currency and controlled substances, for the benefit of LARRY and SNOWDEN, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of Phoenix involving a thing of value of $5,000 or more, namely, the withholding of criminal charges, the non-towing of vehicles, or the release of vehicles from impoundment, in violation of Title 18, United States Code, Section 666(a)(1)(B).

3.    It was part of the conspiracy that LARRY and SNOWDEN agreed to abuse their official positions and powers as police officers: (i) to corruptly solicit and obtain cash payments and other things of value, including controlled substances, from occupants of vehicles that LARRY and SNOWDEN encountered during traffic stops (the "Target Vehicles"), in exchange for reducing, dropping or declining to press charges against the occupants of the Target Vehicles and allowing the owners to retain possession or regain possession of the Target Vehicles; and (ii) to steal and

embezzle things of value, including United States currency and controlled substances, that were recovered from within the Target Vehicles and from the occupants of the Target Vehicles.

4. It was further part of the conspiracy that, when LARRY and SNOWDEN recovered unlawfully possessed firearms, controlled substances, and other contraband during traffic stops of the Target Vehicles, they sometimes solicited and obtained cash payments from the occupants of the Target Vehicles in exchange for reducing, dropping, or declining to press charges against the occupants of the Target Vehicles and allowing the owners to retain possession or regain possession of the Target Vehicles.

5. It was further part of the conspiracy that LARRY and SNOWDEN sometimes arranged for the occupants of the Target Vehicles to meet at a gas station in Phoenix to make cash bribe payments to LARRY and SNOWDEN.

6. It was further part of the conspiracy that LARRY and SNOWDEN used coded and vague language in their communications with the occupants of the Target Vehicles to disguise LARRY's and SNOWDEN's solicitation and receipt of cash bribe payments in return for the taking and withholding of official action.

7. It was further part of the conspiracy that LARRY and SNOWDEN used an intermediary (the "Bagman") to collect a bribe payment on behalf of LARRY and SNOWDEN.

8. It was further part of the conspiracy that LARRY and SNOWDEN stole and embezzled United States currency, controlled substances, and other valuable items seized from the Target Vehicles and from the occupants of the Target Vehicles.

9. It was further part of the conspiracy that, in order to conceal their theft of United States currency and other valuable items, from the Target Vehicles and from the occupants of the Target Vehicles, LARRY and SNOWDEN falsified police reports so that the police reports did not reflect the initial seizure of these items.

10. It was further part of the conspiracy that LARRY and SNOWDEN agreed to sell to a drug dealer controlled substances that LARRY and SNOWDEN had stolen and corruptly obtained during traffic stops, and to split the proceeds of the sale of the controlled substances among themselves.

11. It was further part of the conspiracy that LARRY and SNOWDEN misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hid, the existence, purpose, and acts done in furtherance of the conspiracy.

### Overt Acts

12. To effect the objects of the conspiracy, LARRY and SNOWDEN did commit and cause to be committed the following overt acts, among others, in the Northern District of Illinois, Eastern Division:

    a. On or about October 30, 2020, LARRY and SNOWDEN stole cash recovered from within Individual 1's vehicle.

    b. On or about November 5, 2021, LARRY solicited a cash bribe payment from Individual 2.

c. On or about November 12, 2021, LARRY caused the Bagman to travel to Individual 2's home in Harvey.

d. On or about November 12, 2021, LARRY caused the Bagman to collect a cash bribe payment on behalf of LARRY and SNOWDEN from an associate of Individual 2.

e. On or about November 14, 2021, SNOWDEN used a cellular telephone to call Individual 2 and demand additional cash bribe payments for SNOWDEN and LARRY.

f. On or about November 19, 2021, LARRY and SNOWDEN obtained cash and marijuana from Individual 3.

g. On or about December 24, 2021, LARRY and SNOWDEN received cash from Individual 3.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JULY 2021 GRAND JURY further charges:

Beginning on or about November 5, 2021, and continuing until on or about November 12, 2021, at Harvey, in the Northern District of Illinois, Eastern Division, and elsewhere,

>    ANTOINE LARRY,
>    also known as "Bell,"

defendant herein, together with Jarrett Snowden, did knowingly commit extortion, which extortion obstructed, delayed, and affected commerce, in that LARRY and Snowden obtained property, namely, a cash payment in excess of $1,000, from Individual 2, with the consent of Individual 2, under color of official right;

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## **COUNT THREE**

The SPECIAL JULY 2021 GRAND JURY further charges:

Beginning on or about November 12, 2021, and continuing until on or about November 14, 2021, at Phoenix, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTOINE LARRY,<br>
also known as "Bell," and<br>
JARRETT SNOWDEN,

defendants herein, did knowingly attempt to commit extortion, which extortion would have obstructed, delayed, and affected commerce, in that LARRY and SNOWDEN attempted to obtain property, namely, a cash payment of at least $8,000, from Individual 2, with the consent of Individual 2, under color of official right;

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT FOUR

The SPECIAL JULY 2021 GRAND JURY further charges:

On or about December 24, 2021, at Phoenix, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTOINE LARRY,
also known as "Bell,"

defendant herein, together with Jarrett Snowden, did knowingly commit extortion, which extortion would have obstructed, delayed, and affected commerce, in that LARRY and Snowden attempted to obtain property, namely, a cash payment of at least $1,000, from Individual 3, with the consent of Individual 3, under color of official right;

In violation of Title 18, United States Code, Sections 1951(a) and 2.

# FORFEITURE ALLEGATION

The SPECIAL JULY 2021 GRAND JURY alleges:

1. The allegations contained in Counts One through Four of this indictment are realleged and incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of his violations of Title 18, United States Code, Sections 371 and 1951, as alleged in the foregoing indictment,

>ANTOINE LARRY,
>also known as "Bell," and
>JARRETT SNOWDEN,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title, and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses.

3. If any of the property subject to forfeiture and described above, as a result of any act or omission of LARRY and SNOWDEN:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY