

FILED
1/8/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

ER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 23 CR 17 |
| v. | |
| JARRETT SNOWDEN | Judge John F. Kness |

## PLEA AGREEMENT

1.     This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, MORRIS PASQUAL, and defendant JARRETT SNOWDEN, and his attorney, HAROLD GARFINKEL, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.     The indictment in this case charges defendant with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371 (Count One); and attempted extortion, in violation of Title 18, United States Code, Section 1951(a) (Count Three).

3.     Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count One, which charges defendant with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

Beginning no later than in or around 2020 and continuing until at least in or around April 2022, at Phoenix and Harvey, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant SNOWDEN conspired with codefendant Antoine Larry and with others known to the grand jury to: (a) embezzle and steal property that was valued at $5,000 or more, including United States currency and controlled substances, that was under the care, custody, and control of the Police Department of the Village of Phoenix ("Phoenix PD"), in violation of Title 18, United States Code, Section 666(a)(1)(A); and (b) corruptly solicit and demand, and to accept and agree to accept from another person things of value, including United States

2

currency and controlled substances, for the benefit of Larry and SNOWDEN, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of Phoenix PD involving a thing of value of $5,000 or more, namely, the withholding of criminal charges, the non-towing of vehicles, or the release of vehicles from impoundment, in violation of Title 18, United States Code, Section 666(a)(1)(B), all in violation of Title 18, United States Code, Section 371.

Specifically, at all times relevant, SNOWDEN was a police officer with the Phoenix PD and held the position of Sergeant. In that role, SNOWDEN was an agent of the Village of Phoenix. Larry was also a police officer with the Phoenix PD and held the position of patrol officer. Phoenix PD was an agency of the Village of Phoenix, a local government located in the Northern District of Illinois. Phoenix received in excess of $10,000 in federal benefits during the one-year time periods from May 1, 2020 to April 30, 2021 and May 1, 2021 to April 30, 2022.

Beginning no later than late 2019, SNOWDEN and Larry agreed to abuse their official positions and powers as police officers to corruptly solicit bribes in exchange for the taking and withholding of official action and to steal and embezzle things of value that were under the care, custody, and control of the Phoenix PD. SNOWDEN and Larry agreed to corruptly solicit bribes and steal and embezzle from the occupants of vehicles that SNOWDEN and Larry encountered during traffic stops (the "Target Vehicles"). During these traffic stops, SNOWDEN and Larry sometimes

3

ordered the occupants of the Target Vehicles to exit the vehicles and physically restrained the occupants, including by placing them in handcuffs. During these traffic stops, SNOWDEN and Larry wore their Phoenix PD police uniforms, drove marked squad cars, and carried their service firearms.

SNOWDEN and Larry agreed to corruptly solicit and obtain cash payments and other things of value, including controlled substances, from occupants of the Target Vehicles in exchange for reducing, dropping, or declining to press charges against the occupants of the Target Vehicles.

SNOWDEN and Larry also agreed to steal and embezzle things of value—including cash and controlled substances—that were recovered from the Target Vehicles and from the occupants of the Target Vehicles.

To conceal their theft of cash and other valuable items from the Target Vehicles and their occupants, SNOWDEN and Larry falsified police reports so that the police reports did not reflect the seizure of these items. SNOWDEN and Larry stole money and things of value from the occupants of the Target Vehicles on multiple occasions, and the value of the stolen objects and cash ranged from minimal amounts to over a thousand dollars each.

Over the course of the conspiracy, SNOWDEN and Larry solicited bribes, obtained bribes, or stole money from more than 10 individuals. The total value of the bribes obtained or sought to be obtained and the property stolen was more than $15,000.

4

7.     The foregoing facts are set forth solely to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and criminal forfeiture, and are not intended to be a complete or comprehensive statement of all the facts within defendant's personal knowledge regarding the charged crimes and related conduct.

## Maximum Statutory Penalties

8.     Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.     A maximum sentence of 5 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

b.     Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c.     Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

9.     Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and

5

circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

      10.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points, except as specified below:

      a.     **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely, the November 2023 Guidelines Manual.

      b.     **Offense Level Calculations**

      i.     Pursuant to Guideline § 2X1.1(a), the base offense level is determined based on the guideline for the objects of the conspiracy, Title 18, United States Code, Sections 666(a)(1)(A) and (a)(1)(B).

6

## **Object 1: Theft and Embezzlement**

ii.      Pursuant to Guideline § 2B1.1(a)(1), the base offense level is 6.

iii.      The offense level is increased by 4 levels, pursuant to Guideline § 2B1.1(b)(1)(C), because the loss was more than $15,000.

iv.      The offense level is increased by 2 levels, pursuant to Guideline § 2B1.1(b)(2)(A)(i), because the offense involved 10 or more victims.

v.      The offense level is increased by 2 levels, pursuant to Guideline § 2B1.1(b)(3), because the offense involved theft from the person of another.

vi.      The position of the government is that Guideline § 2B1.1(b)(16)(B) applies because defendant possessed a dangerous weapon, namely, a firearm, in connection with the offense, and therefore the offense level should be increased by two levels. Defendant reserves the right to make the legal argument that Guideline § 2B1.1(b)(16)(B) does not apply in this case.

vii.      The offense level is increased by 2 levels, pursuant to Guideline § 3A1.3, because victims were physically restrained in the course of the offense.

viii.      The offense level is increased by 2 levels, pursuant to Guideline § 3B1.3, because defendant abused a position of public trust, in a manner that significantly facilitated the commission or concealment of the offense.

### Object 2: Bribery

ix.     The base offense level is 14, pursuant to Guideline § 2C1.1(a)(1).

x.     The offense level is increased by 2 levels, pursuant to Guideline § 2C1.1(b)(1), because the offense involved more than one bribe or extortion.

xi.     The offense level is increased by 4 levels, pursuant to Guidelines §§ 2C1.1(b)(2) and 2B1.1(b)(1)(C), because the value of anything obtained by a public official and others acting with the public official was more than $15,000.

xii.     The offense level is increased by 4 levels, pursuant to Guideline § 2C1.1(b)(3), because the offense involved a public official in a sensitive position.

xiii.     The offense level is increased by 2 levels, pursuant to Guideline § 3A1.3, because victims were physically restrained in the course of the offense.

### Grouping

xiv.     The underlying offenses group together pursuant to Guideline § 3D1.2(b). Pursuant to Guideline § 3D1.3(a), the offense level applicable to the Group is the highest offense level of the underlying offenses in the Group: level 26 for Object 2 of the conspiracy.

8

## Acceptance of Responsibility

xv.       Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

xvi.      In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

b.       **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

9

c.    **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 23, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 46 to 57 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

d.    Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

e.    Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing.

The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Cooperation

11.     Defendant agrees he will fully and truthfully cooperate in any matter in which he is called upon to cooperate by a representative of the United States Attorney's Office for the Northern District of Illinois. This cooperation shall include providing complete and truthful information in any investigation and pre-trial preparation and complete and truthful testimony in any criminal, civil, or administrative proceeding. Defendant agrees to the postponement of his sentencing until after the conclusion of his cooperation.

## Agreements Relating to Sentencing

12.     At the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's cooperation. If the government determines that defendant has continued to provide full and truthful cooperation as required by this agreement, then the government shall move the court, pursuant to Guideline § 5K1.1, to depart downward from the low end of the applicable guideline range in an amount to be determined by the government at the time of sentencing. Defendant

11

shall be free to recommend any sentence. Defendant understands that the decision to depart from the applicable guideline range rests solely with the Court.

13.     If the government does not move the Court, pursuant to Guideline § 5K1.1, to depart from the applicable guideline range, as set forth above, the preceding paragraph of this Agreement will be inoperative, both parties shall be free to recommend any sentence, and the Court shall impose a sentence taking into consideration the factors set forth in 18 U.S.C. § 3553(a) as well as the Sentencing Guidelines without any downward departure for cooperation pursuant to § 5K1.1. Defendant may not withdraw his plea of guilty because the government has failed to make a motion pursuant to Guideline § 5K1.1.

14.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

15.     Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant, together with any jointly liable co-defendants, to make full restitution to victims in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing.

16.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

17.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

18.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

19.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment as to defendant.

## Forfeiture

20.     Defendant understands that, by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense.

10.     In addition, defendant agrees to the entry of a personal money judgment in an amount to be determined by the Court at sentencing. Defendant agrees that the amount of the forfeiture money judgment will include all property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the offense. Defendant consents to the entry of a preliminary order of forfeiture, at sentencing, setting forth the amount of the personal money judgment he will be ordered to pay.

21.     Defendant admits that because the directly forfeitable property is no longer available for forfeiture as described in Title 21, United States Code, Section 853(p)(1), the United States is entitled to seek forfeiture of any other property of defendant, up to the value of the personal money judgment, as substitute assets pursuant to Title 21, United States Code, Section 853(p)(2).

22.     Defendant understands that forfeiture shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment. In this case, however, the United States Attorney's Office will recommend to the Attorney General that any net proceeds derived from any forfeited assets be remitted or restored to eligible victims of the offense pursuant to Title 18, United States Code, Section 981(e), Title 28, Code of Federal Regulations, Part 9, and other applicable law.

23.     Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion

brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

24.    This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 23 CR 17.

25.    This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

26.    Defendant understands that, by pleading guilty, he surrenders certain rights, including the following:

c. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering

16

each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii.     With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

e.     **Waiver of appellate and collateral rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code,

17

Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

27.     Defendant understands that, by pleading guilty, he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

18

## Presentence Investigation Report/Post-Sentence Supervision

28.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing, including the nature and extent of defendant's cooperation.

29.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

30.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the

19

disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

31.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

32.    Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### Conclusion

33.    Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

34.    Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any

term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

35. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

36. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

37. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he

understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _1/8/24_

_____
MORRIS PASQUAL
Acting United States Attorney

_____
ALEXANDRA MORGAN
SEAN FRANZBLAU
Assistant United States Attorneys

_____
JARRETT SNOWDEN
Defendant

_____
HAROLD GARFINKEL
Attorney for Defendant

22