**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JARRETT SNOWDEN | No. 23 CR 17<br><br>Judge John F. Kness |

**GOVERNMENT'S SENTENCING POSITION PAPER**

Defendant Jarrett Snowden is a former police officer who is before the Court for sentencing after pleading guilty to conspiring with his partner to steal and solicit bribes from motorists. Defendant's criminal history category of I, combined with a total offense level of 24, results in an advisory Guidelines range of 51 to 63 months' imprisonment. Based on the seriousness of the offense, defendant's history and characteristics, and the need to provide general deterrence, the government requests that the Court impose a 30-month sentence.

## I. BACKGROUND

Defendant and codefendant Antoine Larry were police officers with the Phoenix Police Department. During their time with the Phoenix PD, defendant and Larry were partners.

Beginning in late 2019, defendant and Larry agreed to abuse their powers as police officers to solicit bribes in exchange for official action, and to steal items that were in Phoenix PD custody. Defendant and Larry targeted occupants of vehicles that they encountered during traffic stops (the "Target Vehicles"). During these traffic stops, defendant and Larry sometimes ordered the occupants of the Target Vehicles to exit the vehicles and physically restrained the occupants, including by placing

them in handcuffs. During these traffic stops, defendant and Larry wore their Phoenix PD police uniforms, drove marked squad cars, and carried their service firearms.

Defendant and Larry solicited cash payments from occupants of the Target Vehicles in exchange for reducing, dropping, or declining to press charges against the occupants of the Target Vehicles. Defendant and Larry also stole cash and other valuable items from the Target Vehicles and from the occupants of the Target Vehicles. To conceal their theft, defendant and Larry falsified police reports so that the police reports did not reflect the seizure of these items.

On January 12, 2023, a grand jury returned an indictment charging defendant with conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371 (Count One); and attempted extortion, in violation of 18 U.S.C. § 1951(a) (Count Three). R. 1. In January 2024, defendant pleaded guilty to Count One pursuant to a plea agreement. R. 42.

## II. GUIDELINES CALCULATIONS

The government agrees with the Probation Office's calculation of the advisory Guidelines range.

**Offense Level Calculation**

***Group One: Count One, Object One (Theft)***

Pursuant to Guideline § 2B1.1(a)(2), the base offense level is six. PSR ¶ 29.

The offense level is increased by two levels, pursuant to Guideline § 2B1.1(b)(1)(B), because the loss was more than $6,500 but less than $15,000. *Id.* ¶ 30.

The offense level is increased by two levels, pursuant to Guideline § 2B1.1(b)(3), because the offense involved theft from the person of another. *Id.* ¶ 32.

Guideline § 2B1.1(b)(16)(B) applies because defendant possessed a dangerous weapon, namely, a firearm (his Phoenix PD firearm), in connection with the offense. Because the resulting offense level (12) is less than level 14, the offense level is increased to 14. *Id.* ¶ 33.[1]

The offense level is increased by two levels, pursuant to Guideline § 3A1.3, because victims were physically restrained in the course of the offense. *Id.* ¶ 36.

The offense level is increased by two levels, pursuant to Guideline § 3B1.3, because defendant abused a position of public trust, in a manner that significantly facilitated the commission or concealment of the offense. *Id.* ¶ 37.

The adjusted offense level for Count One, Object One is therefore 18. *Id.* ¶ 39.

***Group Two: Count One, Object Two (Bribery)***

The base offense level is 14, pursuant to Guideline § 2C1.1(a)(1). PSR ¶ 40.

The offense level is increased by two levels, pursuant to Guideline § 2C1.1(b)(1), because the offense involved more than one bribe or extortion. *Id.* ¶ 41.

The offense level is increased by four levels, pursuant to Guideline §§ 2C1.1(b)(2) and 2B1.1(b)(1)(C), because the value of anything obtained by a public official and others acting with the public official was more than $15,000 but less than

[1] In his plea agreement, defendant reserved the right to make a legal argument that this enhancement does not apply. R. 42 at 7. The government agrees with the PSR's application of this enhancement. *See United States v. Jackson*, 639 F.3d 479, 482-83 (8th Cir. 2011) (affirming application of Guideline § 2B1.1(b)(16)(B) to officer convicted of theft of federal government property).

$40,000. *Id.* ¶ 42.

The offense level is increased by four levels, pursuant to Guideline § 2C1.1(b)(3), because the offense involved a public official in a sensitive position. *Id.* ¶ 43.

The offense level is increased by two levels, pursuant to Guideline § 3A1.3, because victims were physically restrained in the course of the offense. *Id.* ¶ 44.

The adjusted offense level for Count One, Object Two is therefore 26. *Id.* ¶ 46.

***Grouping***

The Guideline §§ 3D1.2, 3D1.3, 3D1.4 grouping rules apply as follows:

| Group | Adjusted Offense Level | Units |
|---|---|---|
| Group One (Theft) | 18 | 0.5 |
| Group Two (Bribery) | 26 | 1.0 |
| | **Total Units** | **1.5** |

PSR ¶ 47.

Pursuant to Guideline § 3D1.4, the offense level for the Group with the highest offense level (Group Two) is increased by one level. *Id.* ¶¶ 48-49.

The total offense level is therefore 27. *Id.* ¶ 50.

**Criminal History Category**

Defendant has zero criminal history points and is therefore in criminal history category I. PSR ¶ 58.

**Anticipated Advisory Sentencing Guidelines Range**

The offense level is 24 which, when combined with a criminal history category of I, results in an advisory Guidelines range of 51 to 63 months' imprisonment, in addition to any supervised release and fine the Court may impose. PSR ¶ 91.

## III. THE SECTION 3553(a) FACTORS SUPPORT A 30-MONTH SENTENCE

The advisory Guidelines range is the starting point and initial benchmark for determining the appropriate sentence for a defendant. *United States v. McLaughlin*, 760 F.3d 699, 708 (7th Cir. 2014). As explained below, a 30-month sentence is sufficient, but not greater than necessary, primarily because of the seriousness of the offense, defendant's history and characteristics, and the need to provide general deterrence.

### A. The Nature and Circumstances of the Offense of Conviction

The nature and circumstances of defendant's offense are serious. Defendant was a sworn law enforcement official who abused his power by putting personal profit over the public that he had a duty to protect. In so doing, defendant's illicit conduct harmed not just the individuals he stole from, solicited bribes from, and extorted. Defendant's corrupt conduct harmed the public's trust in government. Every corrupt act by a public official diminishes the trust that is essential to the proper function of our government.

Defendant's conduct was a serious breach of the sacred trust the public places in patrol officers. During each of their dozens of corrupt stops, defendant and Larry determined that their police badges would protect them from accountability. And they were right for a time. Their badges dissuaded victims from reporting their misconduct

and led those who did complain about their conduct to be disbelieved. Their conduct made the investigation more challenging, as victims were difficult to identify or reluctant to cooperate.

The temporal scope of defendant's criminal conduct is further aggravating. This is not a case involving an isolated, one-time lapse in judgment. For over a year, defendant repeatedly chose to abuse his power in multiple ways. Defendant could have abandoned this criminal course of conduct at any point, but chose not to. Defendant also repeatedly took steps with Larry (including submitting false police reports) to hide their criminal conduct. Time after time, defendant chose to betray the public he was supposed to serve.

**B. History and Characteristics of Defendant**

Defendant's history and characteristics reflect significant mitigating factors that support the government's recommended sentence. Defendant has no prior criminal convictions. PSR ¶ 57. Defendant has also made efforts to maintain lawful employment for years. *Id.* ¶¶ 84-87. Further, defendant has strong family and community ties, and has worked to provide for his children. *Id.* ¶¶ 65-68.

Cast against this background, defendant's criminal conduct in this case appears to have been aberrational and driven by the destructive interpersonal dynamic between defendant and his partner (and codefendant), Antoine Larry. *Id.* ¶ 10. Outside of this criminal conduct, defendant has tried to build a productive and law-abiding life, despite facing challenges. *Id.* ¶ 81.

Those efforts are also reflected in his conduct in this case. Defendant has accepted responsibility for his criminal conduct. *See* Ex. A. Such acceptance of

responsibility reflects a low risk of recidivism, and bodes well for defendant resuming the productive and law-abiding life defendant built before his conduct in this case. So too does his strong relationship with his family. PSR ¶¶ 65-68.

While the criminal conduct in this case is serious, these mitigating factors support a below-Guidelines sentence in this case.

### C. Affording Adequate Deterrence

General deterrence is an important consideration in this case. When law enforcement officers commit crimes, public confidence in law enforcement as an institution is undermined. That makes an already challenging job even more difficult. And that, in turn, makes our society less safe.

A 30-month sentence in this case would promote general deterrence. Public corruption is difficult to investigate and prosecute. And that is because the very power that is abused for personal gain at the public's expense is also effectively used to hide that abuse and prevent accountability. This case provides an example of this destructive dynamic: using their power as a police officers, defendant and Larry got away with shaking down and stealing from many individuals before they were finally stopped. So there must be a strong enough deterrent to prevent others from being tempted to commit these serious crimes against the public trust.

## IV. RESTITUTION

Pursuant to 18 U.S.C. § 3663A, restitution in the amount of $20,141 is owed by defendant jointly and severally with Larry. *See* PSR ¶ 103.

## V. CONDITIONS OF SUPERVISED RELEASE

The government agrees with the conditions of supervised release proposed by Probation, as well as its recommendation that defendant be sentenced to a one-year term of supervised release. The proposed conditions are appropriate given defendant's history and characteristics, his offense conduct, and the purposes of sentencing.

## VI. CONCLUSION

For these reasons, the government recommends a 30-month sentence, followed by a one-year term of supervised release. Defendant should also be ordered to pay a $100 mandatory special assessment.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: *<u>/s/ Ramon Villalpando</u>*
RAMON VILLALPANDO
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 933-5617

Dated: October 13, 2026